**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO EUMANA (#2021-0812034), | |
| Plaintiff, | No. 23-cv-01459 |
| v. | Judge Franklin U. Valderrama |
| THOMAS DART, et al. | |
| Defendants. | |

**ORDER**

Plaintiff Mario Eumana (Eumana), a pretrial detainee at Cook County Jail alleges that, due to water dripping from the ceiling in and around his cell, he slipped, fell, and injured his leg and ankle. R. 48, Second Amended Complaint (SAC).[1] Eumana sued Nurse Gomanji, Nurse Nora, Thomas Dart (Dart), the Sheriff of Cook County, and unidentified Jane and John Does, under 42 U.S.C. § 1983 (Section 1983) for deliberate indifference to his serous medical needs. Eumana also asserts a Section 1983 claim against Cook County pursuant to *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 692 (1978) (*Monell*), alleging it maintained an unlawful *de facto* policy, practice and/or custom of failing to provide medical treatment to pretrial detainees.

Before the Court is Dart and Cook County's (collectively, Defendants) Motion to Dismiss Eumana's SAC pursuant to Rule 12(b)(6). R. 50, Mot. Dismiss. For the reasons that follow, the motion is granted in part and denied in part.

**Background**[2]

Since August 2021, Eumana has been a pretrial detainee at the Cook County jail. SAC ¶ 13. In September 2022, water dripping from the ceiling in and around Eumana's cell caused him to slip, fall, and injure his leg and ankle. *Id.* ¶ 14. Although Eumana informed Nurse Gomanji (Gomanji) of his injuries and requested medical treatment, Gomanji denied him treatment. *Id.* ¶ 15. In fact, Eumana alleges, it was days before he was provided any medical treatment for his injuries. *Id.* ¶ 17. When

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2] The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the Eumana. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

Eumana was finally provided treatment at Stroger Hospital, it was discovered that he had broken his ankle during the fall. *Id.* ¶ 19. Eumana was then scheduled for surgery in January 2023. *Id.* ¶¶ 20.

Prior to his surgery, Nurse Nora (Nora) was to provide Eumana with all necessary pre-surgery instructions. *Id.* ¶ 21. Nurse Nora, however, failed to inform Eumana that he was to refrain from eating prior to his surgery. *Id.* Consequently, Eumana ate before the surgery, which was then cancelled and did not take place for another seven months. *Id.* ¶¶ 22–23. During this time, Eumana continued to experience pain in his leg and ankle but was denied the use of crutches. *Id.* ¶ 24. He also developed an infection in his left foot, which eventually led to the amputation of his toe in June 2024. *Id.* ¶ 26.

Eumana sued Dart, Gomanji, Nora, and unidentified Jane and John Does in their individual and official capacities under Section 1983 for deliberate indifference to his serious medical needs (Count I). Eumana also sued Cook County under Section 1983, alleging a *Monell* claim against Cook County. *See generally*, SAC. Defendants move to dismiss each count pursuant to Rule 12(b)(6). *See* Mot. Dismiss.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

Defendants argue that (1) Eumana fails to sufficiently allege a *Monell* claim; and (2) Eumana fails to sufficiently allege Section 1983 liability against all individual Defendants; and (3) Dart is entitled to qualified immunity. The Court addresses each in turn.

**I.** *Monell* **Claim**

In Count II, Eumana asserts a *Monell* claim against Cook County (the County). Specifically, Eumana alleges that the County has widespread *de facto* policies, practices and/or customs of depriving detainees of necessary medical treatment. SAC ¶¶ 52–54.

A municipality may be held liable under Section 1983 only "when execution of a government's policy or custom . . . inflicts the injury" for which the government, as an entity, is responsible. *Monell*, 436 U.S. at 694. Under *Monell*, "[a] municipality is a 'person' under § 1983 and may be held liable for its own violations of the federal Constitution and laws." *First Midwest Bank, Guardian of the Estate of Michael D. LaPorta v. City of Chi.*, 2021 WL 684365, at *4 (7th Cir. Feb. 23, 2021) (citing *Monell*, 436 U.S. at 690–91). "[A] municipality cannot be held liable for the constitutional torts of its employees and agents" under the doctrine of *respondeat superior*. *Id.* (citing *Monell*, 436 U.S. at 690–91). For a plaintiff to prevail on Section 1983 claim under *Monell*, he "must challenge conduct that is properly attributable to the municipality itself." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997)).

To sufficiently state a *Monell* claim, a plaintiff must allege that he suffered a constitutional injury caused by: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury." *Rossi v. City of Chi.*, 790 F.3d 729, 737 (7th Cir. 2015) (internal citations omitted); *Mack v. City of Chi.*, 2020 WL 7027649, *5 (N.D. Ill. Nov. 30, 2020). The plaintiff must also plead that the policy or custom is the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694–95.

Defendants move to dismiss Count II on the basis that Eumana fails to allege sufficient facts supporting liability under *Monell*.[3] Mot Dismiss at 6. Defendants correctly posit that Eumana's *Monell* claim proceeds under the second category of *Monell* liability, alleging that Defendants maintain widespread policies or practices that caused the constitutional violation—deliberate indifference to a serious medical condition. Mot. Dismiss at 6. However, according to Defendants, Eumana has not alleged any facts beyond his own incident that support the existence of Defendants' widespread practice of depriving detainees of necessary medical care *Id.* at 6–7. From Defendants' perspective, Eumana's claim thus fails, as pleading isolated incidents of municipal liability is generally insufficient to establish a widespread custom or

---

[3] While Defendants contend that Eumana has failed to allege a sufficient *Monell* claim against Dart (and the Cook County Sherriff) in particular, the Court construes this argument as applying to Cook County as well.

practice in this Circuit. *Id.* (citing *Colliers v. Rock Island Police Officers Phillip Ledbetter, No. 4,* 2016 WL 57966765, at *6 (C.D. Ill. Sept. 30, 2016); *Martinez v. Sgt. Hain,* 2016 WL 7212501, at *5 (N.D. Ill. Aug. 6, 2020)). In other words, Defendants argue that Eumana's *Monell* claim fails to allege a sufficient number of incidents from which the Court can infer the existence of a widespread practice that caused Eumana's constitutional rights to be violated. *Id.* at 7.

Predictably, Eumana disagrees, insisting that his alleged pattern of delays allows for two reasonable inferences: (1) that there is a widespread practice of unreasonably delaying and denying adequate medical care for detainees and (2) this practice is the moving force behind his injuries. R. 55, Resp. at 4. The Court finds that Defendants have the better of the argument.

To prevail on a widespread practice claim, a plaintiff must show that a municipality engaged in a practice "so permanent and well settled as to constitute a custom or usage with the force of law." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). While there is no bright-line rule as to the amount of evidence required to sufficiently plead such a claim, plaintiffs must come forward with "more evidence than a single incident." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). "That said, the number of incidents a plaintiff pleads is not the ultimate guidepost. The key to parsing many of these claims is to differentiate between isolated wrongdoing of one or two rogue employees and other, more widespread practices." *Washington v. City of Chicago*, 2025 WL 1262569, at *2 (N.D. Ill. May 1, 2025). As the Seventh Circuit has explained, for a case to fall in the latter category, a plaintiff must set forth facts that "permit the reasonable inference that [a] practice is so widespread so as to constitute a government custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

As Defendants note, courts in this District have generally concluded that to properly state a *Monell* claim based on widespread practice, a plaintiff must allege more than his own single occurrence. *Jordan v. Klamenrus*, 2020 WL 4547879, *4–5 (N.D. Ill. Aug. 6, 2020) (collecting cases). The rationale underpinning these decisions is that to adequately plead a *Monell* claim, a plaintiff "must identify other instances of misconduct similar to what he has experienced in order to show that there is a true municipal policy at issue, and not a random event." *Mack*, 2020 WL 7027649, at *5 (cleaned up).[4] So while no bright-line rule exists as to how many incidents Eumana must plead to state a *Monell* claim, "one instance is not enough." *Slabon v. Sanchez*, 2020 WL 5763760, at *11 (N.D. Ill. Sept. 28, 2020) (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010)).

---

[4]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Here, Eumana has not alleged any other instances involving a pretrial detainee and the deprivation and/or delay of necessary medical treatment. That is, Eumana does not point to any other similar misconduct that occurred with *another* pretrial detainee that might suggest the existence of a custom or policy. Eumana "must set forth some facts that his incident was not an isolated or random occurrence." *Turner*, 2020 WL 1548957 at *2. However, all that is before the Court is the one incident involving Eumana. From this, Eumana invites the Court to make the logical leap to infer the existence of a widespread practice. The Court declines the invitation. In short, Eumana has not pled "enough facts to nudge his claim across the line from conceivable to plausible," *Jones*, 2020 WL 814912, at *3 (citing *Twombly*, 550 U.S. at 570), and the Court dismisses Count II.

## II. Section 1983 Liability

Next, Defendants argue that Eumana fails to sufficiently allege Section 1983 liability against all the individual Defendants. Mot. Dismiss at 9. That is, in Defendants' eyes, Eumana fails to sufficiently allege that these Defendants were deliberately indifferent to his medical needs. *Id.* at 10.

### A. Defendants Gomanji, Nora, and the Unidentified Jane and John Does

Defendants first argue that Eumana fails to state a deliberate indifference claim against Gomanji, Nora, and the Unidentified Jane and John Does.

State actors may be held liable for deliberate indifference "where they knowingly disregard a risk to an inmate's health." *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015). Defendants contend that Eumana has failed to make such an allegation against Gomanji. Although Eumana specifically alleges that Gomanji refused to provide him medical treatment after his fall, Defendants argue, Eumana nonetheless fails to state a claim against Gomanji because he was seen at Stroger Hospital "a few days later." Mot. Dismiss at 10. In other words, Defendants posit that the denial of treatment to a detainee with a serious injury—in this case, a broken ankle—cannot amount to deliberate indifference if that detainee is eventually treated, even if days later. The Court will not endorse such a proposition. Eumana, by alleging Gomanji denied him timely treatment for his broken ankle, has sufficiently alleged her deliberate indifference.

Next, Defendants take aim at Eumana's deliberate indifference claim as to Nora. Eumana alleges that Nora failed "to provide [him] with all necessary pre-surgery instructions and requirements for his surgery." SAC ¶ 21. Defendants argue that Eumana fails to clearly allege an injury that he suffered due to Nora's failure and thus does not state a claim. The Court disagrees. Eumana's alleged injury here is that, due to Nora's actions, his surgery had to be cancelled, leading to further pain

5

and suffering. Viewing Eumana's allegation in the light most favorable to him, the Court finds that Eumana sufficiently alleges that Nora, by failing to provide him with necessary pre-surgery instructions, was deliberately indifferent to his medical needs.

Last, Defendants maintain that Eumana has failed to state a claim against the unidentified Jane and John Does, asserting that he does not allege "who knew what," when they knew, and "who did what." Mot Dismiss at 10. Again, the Court disagrees. A plaintiff asserting a Section 1983 claim is not required to plead to the level of specificity for which Defendants advocate. Rather, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Eumana's complaint meets this low threshold.

### B.   Defendant Dart

Last, Defendants argue that Eumana fails to plead a Section 1983 claim against Dart as an individual defendant. Mot Dismiss at 12. Defendants point out that, although Dart is a supervisory official, Eumana fails to allege that Dart had personal knowledge of the incident or that he facilitated, approved, or condoned the alleged behavior. *Id.* at 13. Alternatively, Defendants contend that Dart is shielded by the doctrine of qualified immunity. *Id.*

"Individual liability pursuant to Section 1983 requires personal involvement in the alleged constitutional deprivation." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018) (cleaned up). For a supervisor like Dart to be held liable, a plaintiff must allege that the supervisor "knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye for fear of what they might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (cleaned up).

Here, even when viewing the allegations of the complaint in the light most favorable to Eumana and drawing all reasonable inferences in his favor, the Court finds that Eumana fails to sufficiently allege Dart's personal involvement in the deliberate indifference of his medical needs. That is, Eumana's second amended complaint is devoid of any allegations suggesting that Dart had any knowledge of the deliberate indifference and facilitated, approved, condoned, or turned a blind eye to that deliberate indifference. Accordingly, the Court dismisses Count I against Dart.[5]

### Conclusion

For the foregoing reasons, Defendants' motion to dismiss Eumana's second amended complaint is granted in part and denied in part. Count I may proceed against Defendants Gomanji, Nora, and the unidentified Jane and John Does. Count I is dismissed against Defendant Dart. Count II is dismissed. The Court's dismissal of these counts is without prejudice and Eumana may file an amended complaint on

---

[5]Thus, the Court need not address Defendants' qualified immunity argument.

or before October 1, 2025. If Eumana files an amended complaint on or before October 1, 2025, the Court directs Defendants to answer or otherwise respond on or before October 15, 2025.

Dated: September 17, 2025

_____
United States District Judge
Franklin U. Valderrama